# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3: |
| | ) | |
| | ) | <u>BILL OF INFORMATION</u> |
| v. | ) | Violations: |
| | ) | 18 U.S.C. § 1347 |
| ERIC BERNARD MITCHELL | ) | 18 U.S.C. § 1957 |
| | ) | |

## THE UNITED STATES ATTORNEY CHARGES:

At the specified times and at all relevant times:

1.  From in or about October 2009 to in or about June 2014, ERIC BERNARD MITCHELL engaged in a scheme to defraud the North Carolina Medical Assistance Program (hereinafter "Medicaid") of at least $2 million by stealing the identities of Medicaid recipients with developmental disabilities and then seeking payment for sham services that never happened.

### Relevant Individuals and Entities

2.  ERIC BERNARD MITCHELL was a resident of Charlotte, North Carolina.

3.  From in or about 2007 to in or about 2009, MITCHELL co-owned and operated Angelic Community and Family Services, L.P. (hereinafter "Angelic").

4.  In or about 2009, MITCHELL assisted in the creation of Company #1. MITCHELL operated significant portions of Company #1's business and exclusively controlled all of Company #1's multiple bank accounts.

5.  Both Angelic and Company #1 were approved during the relevant time period by Medicaid to provide services pursuant to Medicaid's Community Alternatives Program for Individuals with Intellectual/Developmental Disabilities (CAP-I/DD). This program was designed to give Medicaid recipients with intellectual and developmental disabilities an alternative to care in a non-institutional setting. As CAP-I/DD providers, both Company #1 and Angelic were authorized to provide services and seek reimbursement from Medicaid for those services.

6.  MITCHELL created the unincorporated company Mitchell Connor & Associates (hereinafter "MCA") in or about 2006. MCA provided operational services to Company #1, including handling the submission of claims to Medicaid and payroll.

1

## The Medicaid Program

7.　　North Carolina Medicaid is a state-administered program aided by federal funds and is a "health care benefit program," as defined in Title 18, United States Code, Section 24(b).

　　a.　　Medicaid is designed to provide medical assistance for certain low income individuals and families. Covered services include CAP-I/DD.

　　b.　　The Division of Medical Assistance, North Carolina Department of Health and Human Services (herein referred to as "DMA"), administers the Medicaid Program and oversees providers throughout the state who receive payments from Medicaid.

　　c.　　In the Medicaid Program, a "provider" is defined as any individual or entity furnishing Medicaid services under a provider agreement with the Medicaid Agency. Every provider who participates in the Medicaid Program must apply for and be assigned a unique number by DMA. These provider numbers can be used to identify claims filed by and monies paid to a certain provider.

　　d.　　In addition to assigning provider numbers, Medicaid also assigns recipient identification numbers. Each Medicaid patient (identified herein as "recipient") is assigned a unique identification number by the Medicaid Program. Each recipient can be identified by reference to his or her unique identification number.

## Scheme to Defraud

8.　　From in or about October 2009 to in or about June 2014, MITCHELL, acting directly and through MCA, submitted and caused to be submitted fraudulent claims to Medicaid through Company #1's provider number falsely claiming that Company #1 had provided services to Medicaid recipients with developmental disabilities when no services were ever provided.

9.　　Most of the Medicaid beneficiaries' whose information MITCHELL used in his fraud scheme were former clients of MITCHELL's defunct company, Angelic. MITCHELL knew that the beneficiaries had received authorization for services and submitted claims to Medicaid even though no services were provided to those beneficiaries.

10.　　During the scheme to defraud, MITCHELL submitted at least $2.5 million in fraudulent claims using this misappropriated Medicaid beneficiary information and received over $2 million in payments from Medicaid.

## Financial Transactions

11.　　MITCHELL controlled all of Company #1's bank accounts, held at multiple banks exclusively in his name, and received all of the Medicaid payments to Company #1, including all the payments for fraudulent claims.

2

12.     On or about June 1, 2012, MITCHELL received approximately $75,994.98 from Medicaid as payment to Company #1 into SunTrust Bank account XXXXXX4798. Of this amount, $69,380.48 resulted from MITCHELL's scheme to defraud Medicaid.

13.     Thereafter, that same day, MITCHELL transferred approximately $25,000 from SunTrust Bank account XXXXXX4798 to another bank account controlled by MITCHELL, SunTrust Bank account XXXXXXX2600. Thereafter, MITCHELL withdrew a portion of these funds in cash, multiple payments to SouthEnd Mercedes and payments to car repair services, such as Maaco of Charlotte, Aamco Transmissions and National Tire and Battery in order to support MITCHELL's motorsports business and hobby.

3

## COUNT ONE

### 18 U.S.C. § 1347
### (Health Care Fraud)

14.     The United States Attorney re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 13 of the Bill of Information, and further alleges that:

15.     From in or about 2009 through in or about 2014, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant, ,

### ERIC BERNARD MITCHELL

did knowingly and willfully execute a scheme and artifice to defraud a health care benefit program and to obtain by means of materially false and fraudulent pretenses, representations and promises, money owned by and under the custody and control of a healthcare benefit program, as defined in Title 18, United States Code, Section 24, in connection with the delivery of, and payment for, healthcare benefits, items and services by submitting and causing to be submitted false and fraudulent claims the North Carolina Division of Medical Assistance seeking reimbursement for services which were not performed.

In violation of Title 18, United States Code, Sections 1347 and 2.

4

# COUNT TWO
## 18 U.S.C. §1957
### (Money Laundering)

16.     The United States Attorney re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 13 of the Bill of Information, and further alleges that:

17.     On or about June 1, 2012, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

### ERIC BERNARD MITCHELL

did knowingly engage and attempt to engage in the following monetary transaction by, through or to a financial institution, to wit a transfer of $25,000 from SunTrust Bank Account XXXXXX4798 to SunTrust Bank Account XXXXXX2600 affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of U.S. currency, funds and monetary instruments, such property having been derived from a specified unlawful activity, that is, a scheme to defraud a health care benefit program.

All in violation of Title 18, United States Code, Section 1957.

5

## NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of information;

b. All property involved in such violations or traceable to property involved in such violations; and

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

The following property is subject to forfeiture on one or more of the grounds stated above: a forfeiture money judgment in the amount of at least $2,049,932.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

KELLI H. FERRY
ASSISTANT UNITED STATES ATTORNEY